TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Chelsey Chattman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Chelsey Chattman,<br><br>        Plaintiff,<br><br>vs.<br><br>Metro PCS Wireless, Inc.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Chelsey Chattman (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Metro PCS Wireless, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Antelope, California, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Richardson, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7. Within the last year, Defendant began contacting Plaintiff by way of text messages sent to Plaintiff's cellular telephone number: 209-xxx-5697 (hereafter "Number").

8. At all times mentioned herein, Defendant contacted Plaintiff at her Number by using artificial messages.

9. Defendant sent text messages to Plaintiff's Number in an attempt to solicit business from Plaintiff.

10. Plaintiff's Number has been on the National Do Not Call Registry since June 18, 2021.

11. In effort to stop Defendant's text messages, Plaintiff responded "STOP" on March 14, 2022.

12. Plaintiff has continued to respond "STOP" to Defendant's text messages several times since March 14, 2022.

13. Despite Plaintiff's unequivocal, written instruction to stop all text messages, Defendant continues to send text messages to Plaintiff's Number.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15. The TCPA prohibits Defendant from using, other than for emergency purposes, artificial or prerecorded messages when contacting Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

16. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using artificial or prerecorded messages to contact Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(2).

17. FCC regulations promulgated under the TCPA require that Plaintiff's consent be pursuant to a written agreement, signed by the Plaintiff, which contains Plaintiff's unambiguous assent to receiving artificial or prerecorded messages from Defendant. *See* 47 C.F.R. § 64.1200(f)(8).

18. Defendant sent text messages to Plaintiff's Number using artificial messages without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further communications.

19. Defendant continued to willfully send text messages to Plaintiff's Number using artificial messages, knowing that it lacked the requisite consent to do so in violation of the TCPA.

20. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

21. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

22. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

23. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 15, 2022                TRINETTE G. KENT

By:  /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Chelsey Chattman